

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| AMELIA E. WALL,<br>          Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br>          Defendant. | §<br>§<br>§<br>§   CIVIL ACTION NO. 1:10-01475-HFF-SVH<br>§<br>§<br>§<br>§ |

# ORDER

This case was filed as a social security disability benefits action. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 6, 2011, and Plaintiff filed her objections to the Report on June 23, 2011.

Plaintiff's first two objections assert that the Administrative Law Judge (ALJ) erred in evaluating the opinions provided by Dr. Fran McCarley, her treating physician, and in his residual functional capacity (RFC) assessment. These objections simply rehash the same arguments made to the Magistrate Judge rather than highlighting specific errors in the Magistrate Judge's Report. For the reasons stated in the Magistrate Judge's thorough Report, the Court holds that the ALJ did not err in his evaluation of Dr. McCarley's opinions and his RFC assessment.

Plaintiff's third objection charges that "[t]he Magistrate Judge erroneously found that the ALJ appropriately evaluated Plaintiff's credibility and her complaints of pain." Pl.'s Objs. 4, ECF No. 14. Plaintiff contends that the ALJ failed to apply the factors set forth in 20 C.F.R. § 404.1529. Plaintiff also argues that the ALJ's primary reason for finding her to lack credibility—that is, the inconsistent reasons she gave for stopping work—was misguided. According to Plaintiff, the ALJ failed to consider certain evidence that bolstered her testimony. Finally, Plaintiff insists that the ALJ neglected to give sufficient specific reasons for finding her not credible.

As with Plaintiff's other objections, her objection regarding the ALJ's credibility evaluation largely mirrors the arguments she made to the Magistrate Judge and does not underscore a specific error in the Report. The Court agrees with the Magistrate Judge's Report that the ALJ's credibility evaluation was appropriate and adopts its reasoning.

Because Plaintiff did not argue to the Magistrate Judge that the ALJ erred in failing to consider the factors set forth in 20 C.F.R. § 404.1529, the Magistrate Judge did not have an

opportunity to make a recommendation on the issue. The Court has reviewed it and, for the following reasons, finds it to be without merit.

The ALJ complied with § 404.1529 in evaluating Plaintiff's symptoms. As required by § 404.1529(b), he determined that her medical impairments could reasonably be expected to cause her alleged symptoms. R. at 21. In discussing Plaintiff's complaints of her symptoms, the ALJ demonstrated that he considered the factors provided in § 404.1529(c)(3). He discussed her daily activities, her medications and their effectiveness, when certain symptoms were aggravated, and the nature and location of her pain. R. at 21. These are all appropriate considerations set forth in § 404.1529(c)(3). After evaluating her symptoms, he found that her complaint of chronic nagging pain, while supported by the record, could not cause the functional limitations she claimed. He cited a number of specific inconsistencies between her proposed limitations and the record. He mentioned how her proffered limitations were inconsistent with her often walking for exercise, her physicians' encouragement of her to exercise, which demonstrated they thought she was capable of doing so, and a recent favorable evaluation by Plaintiff's cardiologist. R. at 21. Such an analysis was entirely proper under § 404.1529(c)(4), which requires the ALJ to compare a claimant's proposed functional limitations with the record evidence to ascertain any inconsistencies. Accordingly, contrary to Plaintiff's assertion, the ALJ properly analyzed her subjective symptoms pursuant to § 404.1529.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent it is consistent with this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 31st day of August, 2011, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
